## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CHRISTOPHER FULTON, | ) | |
| | ) | CIVIL COMPLAINT |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 5:19-cv-846 |
| | ) | |
| DIRECT RECOVERY SERVICES, LLC; | ) | |
| ELLE GUSMAN | ) | |
| | ) | |
| Defendant. | ) | **JURY DEMAND** |

## COMPLAINT

Now comes CHRISTOPHER FULTON ("Plaintiff"), complaining as to the

conduct of DIRECT RECOVERY SERVICES, LLC ("DRS") and ELLE GUSMAN

("Gusman") (collectively, "Defendants").

### NATURE OF THE ACTION

1.      Plaintiff brings this action pursuant to the Fair Debt Collection Practices

Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.*; the Telephone Consumer Protection Act,

47 U.S.C. 227 *et seq.*; and the Ohio Consumer Sales Practices Act ("CSPA") under Ohio

Rev. Code Ann. § 1345 *et seq.*

### JURISDICTION AND VENUE

2.      Subject matter jurisdiction is conferred upon this Court by 28 U.S.C.

§§ 1331 and 1337 as the action arises under the laws of the United States.  Supplemental

jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3.      Venue is proper pursuant to 28 U.S.C. § 1391 as a substantial portion of

the events giving rise to the claims occurred within this District.

[ 1 ]

**PARTIES**

4.      Plaintiff is a natural person residing in Summit County, Ohio.

5.      DRS is a Minnesota Limited Liability Company.

6.      Gusman is a natural person residing in Two Harbors, Minnesota.

7.      Gusman is the owner of DRS, and Gusman was at all times relevant to this Complaint responsible for overseeing and implementing the policies, practices, and procedures of DRS.

**FACTS SUPPORTING CAUSES OF ACTION**

8.      Plaintiff allegedly incurred a debt to pay for household items for personal (not business) use.

9.      Recently, DRS called Plaintiff's cell phone seven times within an approximately two-week period in an attempt to collect upon this debt.

10.      The calls purportedly came from local numbers, even though DRS has no offices in Ohio.

11.      On information and belief, DRS manipulated the "Caller ID" system using a tactic known as "spoofing," and the use of local numbers was designed to intentionally mislead Plaintiff into believing that a local agency was calling him.

12.      Further, calls coming from DRS usually feature pre-recorded voices, and thus on information and belief, DRS placed these seven calls by way of an autodialer.

13.      DRS is well aware of the requirements of the TCPA, and DRS has been sued under the TCPA many times.  In response to these lawsuits, DRS routinely defaults and makes no attempt to defend itself.

[ 2 ]

14.     Therefore, DRS's use of an autodialer, and its violations of the TCPA, are knowing and willful.

15.     DRS also sent the text message attached as "Exhibit 1" to Plaintiff.

16.     The text states:  "Important Private Notice.  CHRISTOPHER FULTZ call 678-448-4631 or https://direct.interprose.com/va/login.do?customerID=DIRECT, USE: XXXXX7495 & 44321 Reply Stop."

17.     The text did not disclose that the message was from debt collector.

18.     The text appears to have been generated automatically, so on information and belief, DRS sent the text by way of an autodialer.

19.     Upon following the hyperlink in the text message, Plaintiff was led to the webpage attached as "Exhibit 2."

20.     The website conveys information regarding a debt by stating that "Please note your balance may not reflect recent payments that may be in transit."  The webpage thus constituted an "initial communication" under 15 U.S.C. § 1692g.

21.     At no point, however, did DRS ever mail to Plaintiff the federally-required notice commonly known as a "1692g" notice.

22.     Further, the website does not state that it is a communication from a debt collector, nor does it indicate that information the website collects will be used for the purpose of debt collection.

23.     In another part (not shown in the exhibits), the website—which is potentially accessible to members of the public—reveals the last four digits of Plaintiff's social security number.

[ 3 ]

24.     Further, DRS has even begun to call third parties and leave pre-recorded messages with them regarding Plaintiff's debt.

25.     For instance, DRS recently called a friend of Plaintiff's wife and left a pre-recorded message on the friend's answering machine.

26.     The message stated:

Federal law designates this message as a confidential notice for CHRISTOPHER FULTZ.  If this is not CHRISTOPHER FULTZ please hang up now.  If this is CHRISTOHPER FULTZ, please continue listening to this message.  Do not listen to this message while others can hear as it contains confidential information.  There will now be a three second pause.

Hello, unfortunately, we have received notice on your file.  It is now Thursday the 11th of April and this file has reached our office through your failure to respond.  We need to know:  Was this done *intentionally*, or was this an oversight?  I suggest you communicate or have your attorney call the phone number 678-392-4816.  Again, it would behoove you to call before we are asked to cease all forms of communications.  678-392-4816.  We are open until 7:00 P.M. today.  I apologize for the aggravation and again we only did just receive this notice.

27.     On information and belief, DRS intentionally sent this pre-recorded message to Plaintiff's wife's friend so as to shame, embarrass, and humiliate Plaintiff.

28.     Plaintiff did eventually receive this voicemail message because it was forwarded to him by his wife's friend.

29.     The message was misleading because it was designed to lead Plaintiff to believe that there was a lawsuit being filed against him.  For instance, there is a vague reference to a "notice" on a "file," and DRS suggested that Plaintiff involve an attorney.

30.     The message was misleading because DRS did not actually "need to know" whether Plaintiff had done anything "intentionally" or not.

[ 4 ]

31.     The message was misleading because it suggested that DRS might be "asked" to "cease all forms of communications."

32.     The employees of DRS would not, under any foreseeable circumstances, be "asked" by anyone to "cease all forms of communications."  DRS does not sue on consumer debts, and by all appearances, it had every intention of continuing to collect upon Plaintiff's account.

33.     The message was misleading because DRS stated that it "only did just receive this notice," even though DRS had owned Plaintiff's account for some time.

34.     Lastly, the message does not in any way identify DRS or provide DRS's true name.

35.     Defendants have been sued for using similar pre-recorded voicemails in the past, and they are well aware that their conduct violates the FDCPA.

36.     This telephone message, together with all of DRS's other behaviors, caused Plaintiff annoyance, stress, and embarrassment.

### COUNT I—VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

37.     Plaintiff realleges the paragraphs above as though fully set forth herein.

38.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

39.     DRS is a "debt collector" as defined by § 1692a(6) of the FDCPA because the principal purposes of its business is the collection of debts, and because it uses the instrumentalities of interstate commerce to do so.  In the alternative, DRS is a "debt collector" under § 1692(a)(6) because it regularly collects or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

[ 5 ]

40.    The subject debt is a "debt" as defined by FDCPA § 1692a(5) because the debt owed or due or asserted to be owed or due to another arises out of a transaction for personal, family, or household purposes.

41.    DRS violated the FDCPA in the following ways:

**a.**  Disclosing information regarding Plaintiff's debt to third parties in violation of § 1692b and § 1692c;

**b.**  Failing to disclose its identity in violation of § 1692d(6);

**c.**  Making false, deceptive, and misleading representations in its voicemail message, in violation of § 1692e;

**d.**  Falsely implying that it was in the process of bringing a lawsuit, in violation of § 1692e(5);

**e.**  Manipulating the "Caller ID" system to pretend it was calling from a local number, in violation of § 1692e;

**f.**  Failing to disclose that it was attempting to collect on a debt, in violation of § 1692e(11);

**g.**  Unfairly and unconscionably exposing Plaintiff's personal information, including his social security number, online, in order to coerce him to pay on a debt, in violation of § 1692f generally;

**h.**  Failing to send required disclosures to Plaintiff under § 1692g, causing Plaintiff confusion as to DRS's identity and his legal rights.

42.    Gusman is liable for these violations because she supervises and controls the collections processes of DRS.

## COUNT II — VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

43.     Plaintiff realleges the paragraphs above as though fully set forth herein.

44.     The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(A), prohibits calling persons on their cellular phones using an ATDS or pre-recorded voices without their prior express consent.

45.     The TCPA, under 47 U.S.C. § 227(b)(1), defines an ATDS as "equipment which has the capacity … to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

46.     The use of pre-recorded voices indicate that DRS employed an ATDS to place the calls to Plaintiff's cell phone.

47.     At no time did Plaintiff give prior express consent to DRS permitting it to contact him via an ATDS.

48.     DRS violated the TCPA by placing at least seven phone calls to Plaintiffs' cellular phone using an ATDS without their consent.

49.     The TCPA also covers text messages.  DRS violated the TCPA by sending Plaintiff a text message by way of an ATDS.

50.     Defendants' conduct in violating the TCPA was knowing and willful.

51.     Plaintiff is entitled to $500 per call under this count, trebled for knowing or willful violations.

52.     In total, the eight violations amount to $12,000.

53.     Gusman is liable for the actions of DRS because she actively supervised and implemented DRS's policies, including those that violate the TCPA.

## COUNT III — VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT

54.     Plaintiff realleges the paragraphs above as though fully set forth herein.

55.     The CSPA, pursuant to R.C. 1345.02(A), states that "[n]o supplier shall commit an unfair or deceptive practice in connection with a consumer transaction."

56.     Plaintiff is a "person" as defined by R.C. 1345.01(B).

57.     Defendant is a "supplier" as defined by R.C. 1345.01(C).  *Taylor v. First Resolution Invest. Corp.*, 72 N.E.3d 573, 600 (Ohio 2016), *cert. denied sub nom. First Resolution Inv. Corp. v. Taylor-Jarvis*, 137 S. Ct. 398 (2016).

58.     Debt collection is a "consumer transaction" as defined by R.C. 1345.01(A).

59.     R.C. §1345.09(B) thus grants Plaintiff a private right of action against Defendants for $200 per violation of the CSPA, plus noneconomic damages of up to $5,000 per violation in an amount to be determined at trial, plus attorney fees.

60.     Defendants committed unfair or deceptive acts or practices in violation of the CSPA, R.C. 1345.02(A), when Defendants engaged in acts and practices in violation of the FDCPA as set forth above.

61.     Such acts and practices have been previously determined by Ohio courts to violate the CSPA, R.C. 1345.01 *et seq.  See, e.g., Kelly v. Montgomery Lynch & Assocs., Inc.*, No. 1:07-CV-919, 2008 WL 1775251, at *11 (N.D. Ohio Apr. 15, 2008) ("[A]ny violation of any one of the enumerated sections of the FDCPA is necessarily an unfair and deceptive act or practice in violation of R.C. § 1345.02 and/or § 1345.03"); *see also Taylor v. First Resolution Invest. Corp.*, 148 Ohio St.3d 627 (Ohio 2016).

[ 8 ]

62.     Further, Defendants committed unfair or deceptive acts or practices in violation of the CSPA, R.C. 1345.02(A), when Defendants purposefully violated the TCPA in an unfair manner.  *See United States v. Dish Network LLC*, 256 F. Supp. 3d 810, 965 (C.D. Ill. 2017) (interpreting Ohio case law).

63.     This unfair manner includes having used technology to manipulate the "Caller ID" system to display a false area code to deceive Plaintiff into believing DRS was calling from local numbers, in violation of R.C. 4719.08(I); R.C. 4719.21; and the Truth in Caller ID Act of 2009, 47 U.S.C. § 227(e)(1).

64.     Defendants' actions therefore violated the CSPA, and Plaintiff is entitled to compensation.

## COUNT IV — INVASION OF PRIVACY

65.     Plaintiff restates the paragraphs above as though fully set forth herein.

66.     Ohio recognizes a cause of action for invasion of privacy based on "wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities." *Sustin v. Fee*, 69 Ohio St.2d 143, 145, 431 N.E.2d 992, 993 (Ohio 1982) (quoting *Housh v. Peth*, 165 Ohio St. 35, 133 N.E.2d 340 (Ohio 1956)).

67.     Defendants invaded Plaintiffs' privacy by purposefully contacting other individuals regarding Plaintiff's debt, interfering with his personal life.

68.     Defendants' actions were so outrageous that they would cause shame or humiliation to a person of ordinary sensibilities, and Plaintiff was injured by this conduct.

WHEREFORE, Plaintiff respectfully requests judgment as follows:

**a.**     Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

**b.**     Awarding Plaintiff actual damages as provided under 15 U.S.C. § 1692k(a)(1);

**c.**     Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

**d.**     Awarding Plaintiff $500 per violation of the TCPA, trebled for willful or knowing violations;

**e.**     Awarding Plaintiff $200 per violation of the CSPA, plus noneconomic damages up to $5,000 per violation in an amount to be determined at trial, plus reasonable attorney fees (including a multiplier);

**f.**     Awarding Plaintiff actual and punitive damages for invasion of privacy;

**g.**     Awarding Plaintiff the costs of this action; and

**h.**     Awarding any other relief as this Honorable Court deems just and appropriate.

**A TRIAL BY JURY IS DEMANDED.**

Dated:  April 16, 2019

By:  s/ Jonathan Hilton

Jonathan Hilton (0095742)
HILTON PARKER LLC
10400 Blacklick-Eastern Rd NW, Suite 110
Pickerington, OH 43147
Tel: (614) 992-2277
Fax: (614) 427-5557
jhilton@hiltonparker.com
*Trial Attorney for Plaintiff*

s/ Geoffrey Parker

Geoffrey C. Parker (0096049)
HILTON PARKER LLC
10400 Blacklick-Eastern Rd NW, Suite 110
Pickerington, OH 43147
Tel: (614) 992-2277
Fax: (614) 427-5557
gparker@hiltonparker.com
*Attorney for Plaintiff*